IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 17-00178-KD-MU |
| | ) |
| NICOLE LEE VAZQUEZ, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Nicole Lee Vazquez's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 28). Upon consideration, and for the reasons set forth herein, the motion is dismissed without prejudice.

I. Factual and procedural background

Vazquez was charged with three counts of possession with intent to distribute methamphetamine (doc. 1). She pled guilty to Count Three and on January 26, 2018, was sentenced to imprisonment for a term of 120 months (doc. 25).[1] She is now in the custody of the Federal Bureau of Prisons at the Satellite Prison Camp at Federal Correctional Institution Aliceville at Aliceville, Alabama.  Her estimated release date is January 19, 2027.

Vazquez has filed a motion for compassionate release. She argues that she has six of the medical conditions which the Centers for Disease Control and Prevention has deemed high risk factors for serious illness should she contract Covid 19 and which render her eligible for consideration for compassionate release. Specifically, obesity (BMI 33), hypertension, asthma, race (Hispanic), hyperlipidemia, and her status as an ex-smoker.  Vazquez argues that the presence of Covid 19 at the Camp, her continued incarceration under crowded living conditions which increase the risk of spread of Covid 19 and prevent social distancing, the Covid-related

institutional lockdown which precludes routine medical care, and the lack of safety precautions on the part of the staff, in combination with her serious health conditions, combine to place her at increased risk of hospitalization or death should she contract the virus (Doc. 28).

II. Motion for compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). Vazquez moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), referred to as the compassionate release provision. The statute provides for reduction of a term of imprisonment and the possible imposition of supervised release with conditions, where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction" . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Vazquez states that she has "exhausted her administrative remedies." (Doc. 28, p. 1). However, she failed to provide the Court with any evidence to support this statement. The Court

---

[1] The Court varied downward to the statutory mandatory minimum.

does not know whether she exhausted her administrative rights with the Bureau of Prisons or whether more than 30 days have lapsed since the Warden received her request for the Warden to file a motion on her behalf. For this reason, her motion is dismissed without prejudice.

Additionally, regardless of whether Vazquez has met the statutory prerequisites, compassionate release is not warranted and for the following reasons, her motion would be denied. The Court acknowledges that her obesity (BMI 33) and other health conditions,[2] if Covid 19 is present at the Camp, may qualify as "extraordinary and compelling" reasons for consideration of compassionate release. However, Vazquez did not provide any evidence, i.e., her medical records, to support these diagnoses. Also, the Bureau of Prisons' Coronavirus update indicates that at present there are no cases of Covid 19 at FCI Aliceville.[3] https://www.bop.gov/coronavirus/ (last visited May 23, 2022).

Moreover, before Vazquez could be released, the Court must consider the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A) (the court . . . may reduce the term of imprisonment . . . after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a).") (underlining added). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. In that regard, the Court has considered the "nature and circumstances of the offense, and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). Vazquez was involved in a substantial conspiracy to distribute methamphetamine. She was held accountable for between 150 and 500 grams of methamphetamine (actual). As to her history and characteristics, Vazquez

---

[2] For purposes of this analysis, the Court assumes that Vazquez has been diagnosed with these medical conditions. However, she did not provide any evidence, i.e., medical records to support this allegation.

[3] FCI Aliceville is made up of the FCI which houses 1,344 inmates and the Camp which houses 193 inmates. At present, and due to Covid 19, the facilities are operating at Level One, which is the lowest level.

was convicted of four controlled-substance related offenses (possession of paraphernalia) dating back to 2007, as well as convictions for illegal possession of a prescription, and theft of property. The majority involved abuse of a controlled substance; thus, indicating a substance abuse issue. And all were considered non-violent crimes. However, in this circumstance, early release – where Vazquez has served less than half of her 120-month sentence - would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Accordingly, Vazquez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) would be due to be denied.

**DONE** and **ORDERED** this 7th day of June 2022.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**